# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

KY LAI VU,

        Petitioner,

    v.

D. MARTIN, *et al.*,

        Respondents.

Case No. 5:26-cv-03197-JWH-DFM

**ORDER DISMISSING PETITION AS MOOT**

## I.  INTRODUCTION

On or about June 5, 2026, Petitioner Ky Lai Vu, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus challenging his detention pending removal on various grounds.[1]  Vu was ordered removed to Vietnam in 2011.[2]  Vu contends that his Due Process rights were violated when he was re-detained after having been on supervised release for years and that there is no significant likelihood that he will be removed in the reasonably foreseeable future.[3]  Vu also asserts claims related to third-country removal.[4]  Vu requests his immediate release from custody and injunctive relief regarding third-country removal.[5]

On June 12, 2026, Respondents filed a "Notice of Intended Removal."[6]  In response to this Court's order, Respondents clarified that Vu was scheduled for removal to Vietnam.[7]  On June 23, 2026, Respondents filed a "Notice of Removal and Suggestion of Mootness."[8]  In that Notice, Respondents state that Vu was removed from the United States on June 21, 2026.[9]  Accordingly, Respondents request that the Court dismiss the Petition.[10]

---

[1]      Pet. (the "Petition") [ECF No. 1].

[2]      *See id.* at 2:10-11; *see* Resp. (the "Response") [ECF No. 9], Ex. 1 [ECF No. 9-1].

[3]      Petition 13:4-14:5 & 17:1-19:1.

[4]      *Id.* at 14:6-16:21.

[5]      *Id.* at 19:3-20:4.

[6]      Not. of Intended Removal [ECF No. 6].

[7]      *See* Min. Order [ECF No. 7]; Response.

[8]      Not. of Removal (the "Removal") [ECF No. 19].

[9]      *See id.*

[10]      *See id.*

## II.  DISCUSSION

Under Article III of the U.S. Constitution, a federal court may adjudicate only an actual, ongoing case or controversy.  *See, e.g.*, *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'"  *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  A case is moot when the court can no longer grant effective relief.  *See Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir.), *as amended* (Sept. 16, 1997).  A federal court cannot exercise jurisdiction over a case if it is moot, but "[t]he burden of demonstrating mootness is a heavy one."  *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000) (citation omitted).

In the context of a habeas petition, the case-or-controversy requirement mandates a finding of mootness if the habeas court is unable to provide the petitioner with the relief sought or if the petitioner has received the relief requested in the petition.  *See Burnett v. Lampert*, 432 F.3d 996, 999-1001 (9th Cir. 2005); *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997).

"Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim."  *Abdala*, 488 F.3d at 1063.  "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition."  *Id.* at 1064 (citing *Spencer*, 523 U.S. at 7).  "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."  *Id.*

-3-

Here, Vu requested immediate release from custody and injunctive relief regarding third-country removal.[11] *Because* Vu has been removed from the United States, he is no longer in custody at the Adelanto ICE Processing Center, nor at any other ICE processing center.[12] Further, the record indicates that Vu was removed to Vietnam, not a third country.[13] Thus, the Court cannot provide the relief that Vu requests.

Nor does Vu assert a "collateral consequence" that may be addressed through his success on the Petition. *Cf. Abdala*, 488 F.3d at 1064 (collecting cases in which the petitioner faced sufficient "collateral consequences" to maintain a live case or controversy after removal, including when a petitioner's criminal conviction barred him from seeking cancellation of removal for twenty years). Consequently, the Petition is moot.

## III.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.     The Petition is **DENIED** as moot and is **DISMISSED without prejudice**.

2.     Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated:___June 25, 2026_____



John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[11]     Petition 19:3-20:4.

[12]     *See* Removal.

[13]     *See id.*; Response.

-4-